**CORPORATE PLAZA ASSOCIATES, LLC, Plaintiff–Appellant,**

v.

**INTERACTIVE VIDEO TECHNOL- OGIES, INC., fka Softcom, Inc., Defendant–Appellee.**

**Docket No. 02–7437.**

United States Court of Appeals, Second Circuit.

March 10, 2003.

Joseph H. Neiman, Forest Hills, N.Y., for Appellant.

Eugene R. Licker, Kirkpatrick & Lockhart, New York, N.Y., for Appellee.

Present: FEINBERG, F.I. PARKER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Corporate Plaza Associates ("Corporate Plaza") appeals from the District Court's March 22, 2002 judgment granting summary judgment for Defendant–Appellee Interactive Video Technologies, Inc., f/k/a Softcom, Inc. ("IVT") on Corporate Plaza's breach of contract claim. The District Court held that Corporate Plaza's claim was barred because its retention of a payment made by IVT after this suit was filed constituted an accord and satisfaction. The court also denied Corporate Plaza's cross-motion for summary judgment.

We find no error in the District Court's conclusion that IVT's tender and Corporate Plaza's retention of a check marked payment for "all of IVT's debts to Corporate Plaza" was a valid accord and satisfaction under New Jersey law, as the parties manifested an offer and acceptance of a settlement in discharge of Corporate Plaza's claim.

On appeal, Corporate Plaza argues, for the first time in this litigation, that no valid accord and satisfaction occurred because the amount IVT paid was for a liquidated debt under the parties' Termination Agreement. We will not ordinarily consider an argument raised for the first time on appeal absent "manifest injustice" or "where the issue is purely legal and there is no need for additional fact-finding." *Coogan v. Smyers,* 134 F.3d 479, 486–87 (2d Cir.1998). Whether or not a debt is disputed typically entails a factual inquiry. Although the parties acknowledged in the proceedings below that they disputed the amount of attorneys' fees sought, only on appeal does Corporate Plaza argue that the attorneys' fees constituted a debt separate from the liquidated amounts owed under the Termination Agreement. Even were we to consider Corporate Plaza's belated argument, we note that the amounts sought, including interest and attorneys' fees, were pursuant to provisions contained in the parties' Termination Agreement, a debt that Corporate Plaza's complaint treated as one claim. Generally, where a debt is disputed in part, tender of an undisputed portion can constitute sufficient consideration for the discharge of the entire debt. *See In re Glickfeld,* 136 F.Supp. 276, 281 (D.N.J. 1955); *see also* 7 N.J. Pl. & Pr. Forms § 56:1; *Cohen v. Sabin,* 452 Pa. 447, 307 A.2d 845, 849 (1973) (citing Williston on Contracts § 129 (3d ed. 1957)); *Corpus Juris Secundum,* Accord and Satisfaction § 44 ("[A]n accord and satisfaction is no less valid merely because the amount paid and accepted is only that which the debtor concedes to be due . . . ."). Although there is some case law that indicates to the contrary, *see, e.g., Loizeaux Builders Supply Co. v. Donald B. Ludwig Co.,* 144 N.J.Super. 556, 366 A.2d 721, 726 (1976) (distinguishing *Glickfeld*), the potential applicability of this case law was never presented to the district court. Therefore, we decline to address the merits of this argument on appeal.

We have examined all of Corporate Plaza's remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.